## CARROLL v CARROS AND MILLER et

Ohio Appeals, 1st Dist, Hamilton. Co

Decided June 5, 1933

George S. Hawke, Cincinnati, for plaintiff in error.

Raymond J. Wilson, Cincinnati, and James J. Fitzpatrick, Cincinnati, for defendant in error.

## OPINION

By ROSS, J.

The simple question presented is: Did these facts entitle the plaintiff to a lien upon the premises of the owner lessor? We can find nothing in the Ohio lien law so providing.

Sec 8317, GC, applies to new buildings and is therefore inapplicable to the state of facts here presented.

The provisions of the lease were subject to inspection by the contractor and he is presumed to know that what occurred could occur when he furnished the labor and material. It is admitted that he knew he was dealing with a tenant. The leasehold was therefore all that could be subjected to the lien and this having been surrendered and cancelled, there is nothing upon which the lien can attach.

"Where under the provisions of a lease for a term of years at a stipulated rental, certain repairs and improvements are to be made upon a building at the lessee's expense, which are to remain at the termination of the lease, the lessee is not thereby constituted the agent of the lessor, and the latter is not rendered liable by a con-

tract entered into by the former in his own name for labor and materials to make such improvements; nor can the reversion in fee of the lessor be subjected to a lien for labor and materials furnished to the lessee pursuant to such contract." **Mahoning Park Co. v Warren Home Development Co., 109 Oh St, 358, syllabus 3.**

The judgment of the Court of Common Pleas is therefore affirmed.

HAMILTON, PJ, and CUSHING, J, concur.